IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Wayne H. Norman,

Plaintiff,

VIVINT INC.,

Defendant.

12 CV 9100
JUDGE THARP JR.
MAGISTRATE JUDGE MASON

## ORIGINAL COMPLAINT

### JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. section 1681p and 28 U.S.C. section 1331.

2. All conditions precedent to the bringing of this action has been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Wayne H. Norman, a natural person who resides in Forest Park, Illinois.

4. The Defendant in this lawsuit is VIVINT INC., an unknown entity with a corporate office located at 4931 N. 300 West, Provo, Utah 84604.

1

## VENUE

5. The occurrences that give rise to this action occurred in Dallas County, Texas.

6. Venue is proper in the Northern District of Illinois, Eastern Division, as Plaintiff now resides in Cook County, Illinois.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit report from TransUnion, and Experian on 4/25/2012, and 06/07/2012 respectively, and found entries from entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been obtained on various occasions by VIVINT INC, an entity that he did not recognize and without his consent.

9. These inquires substantially effected Plaintiffs credit score as they were as described in credit terms "hard pulls". "Hard pulls" or "regular inquiries" significantly impact a consumer's credit score.

10. Plaintiff found after examination of his TransUnion and Experian consumer credit files that the Defendant, VIVINT INC., had obtained Plaintiffs consumer credit file twice on July 8, 2011, and once on January 14, 2012. (Exhibit "A" – "B")

11. On 4/25/2012, Plaintiff contacted VIVINT INC., and spoke to a representative named "Heather" at ext. 2018, and discussed with her his concerns of repeated unauthorized inquiries on his consumer report.

12. Representative "Heather" told Plaintiff that "what may have happened is we were trying to pull a credit check on someone else and did one on you." I told "Heather" that I did not authorize the credit check, and the "credit checks" your company initiated significantly impacted my credit score and harmed me as I was turned down several times for credit due in part by numerous credit inquires. Three of which came from your company, and were unauthorized.

13. Representative "Heather" advised me to contact upper management. I sent Todd Pederson, CEO of VIVINT INC., a letter dated 5/05/2012 to attempt to mitigate the infractions to no avail. (Exhibit "C")

14. Discovery of violations brought forth herein occurred on April 25th, 2012, and are within the statute of limitations as defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681p.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")

## 15 U.S.C. SECTION 1681

15. Paragraphs 1 through 14 are realleged as though fully set forth herein.

16. Plaintiff is a consumer within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(c).

17. TransUnion, and Experian are credit-reporting agencies within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(f).

18. A consumer credit report is a consumer report within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(d).

19. The ("FCRA"), 15 U.S.C. section 1681b defines the permissible purposes for which a person may obtain a consumer report.

20. Such permissible purposes as defined by 15 U.S.C. section 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

21. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant VIVINT INC.

22. At no time did Plaintiff give his consent for the Defendant to acquire his consumer credit file from any credit-reporting agency.

23. On January 14th, 2012, the Defendant obtained the TransUnion, and Experian credit report for the Plaintiff without a permissible purpose in violation of the ("FCRA"), 15 U.S.C. section 1681b.

24. The action of the Defendant, obtaining the consumer report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the ("FCRA"), 15 U.S.C. section 1681b, and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, VIVINT INC., for statutory damages of $1,000 dollars pursuant to section 1681n of the Fair Credit Reporting Act.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. SECTION 1681

25. Paragraphs 1 through 24 are realleged as though fully set forth herein.

26. Plaintiff is a consumer within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(c).

27. TransUnion, and Experian are credit-reporting agencies within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(f).

28. A consumer credit report is a consumer report within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(d).

29. The ("FCRA"), 15 U.S.C. section 1681b defines the permissible purposes for which a person may obtain a consumer report.

30. Such permissible purposes as defined by 15 U.S.C. section 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

31. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant VIVINT INC.

32. At no time did Plaintiff give his consent for the Defendant to acquire his consumer credit file from any credit-reporting agency.

33. On July 8th, 2012, the Defendant obtained the TransUnion, and Experian credit report for the Plaintiff without a permissible purpose in violation of the ("FCRA"), 15 U.S.C. section 1681b.

34. The action of the Defendant, obtaining the consumer report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the ("FCRA"), 15 U.S.C. section 1681b, and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, VIVINT INC., for statutory damages of $1,000 dollars pursuant to section 1681n of the Fair Credit Reporting Act.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. SECTION 1681

35. Paragraphs 1 through 34 are realleged as though fully set forth herein.

36. Plaintiff is a consumer within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(c).

37. TransUnion, and Experian are credit-reporting agencies within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(f).

38. A consumer credit report is a consumer report within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(d).

39. The ("FCRA"), 15 U.S.C. section 1681b defines the permissible purposes for which a person may obtain a consumer report.

7

40. Such permissible purposes as defined by 15 U.S.C. section 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

41. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant VIVINT INC.

42. At no time did Plaintiff give his consent for the Defendant to acquire his consumer credit file from any credit-reporting agency.

43. On July 8th, 2012, the Defendant obtained the TransUnion, and Experian credit report for the Plaintiff without a permissible purpose in violation of the ("FCRA"), 15 U.S.C. section 1681b.

44. The action of the Defendant, obtaining the consumer report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the ("FCRA"), 15 U.S.C. section 1681b, and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, VIVINT INC., for statutory damages of $1,000 dollars pursuant to section 1681n as well as all actual damages pursuant to said Act.

Respectfully submitted,

Wayne H. Norman

509 Elgin Apt. 1

Forest Park, IL 60130

(682) 241-8688